UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SCOTT A. SMITH,                      )
                                     )   No. CV-10-0003-CI
            Plaintiff,               )
                                     )   ORDER DENYING PLAINTIFF'S
v.                                   )   MOTION FOR SUMMARY JUDGMENT
                                     )   AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner      )   MOTION FOR SUMMARY JUDGMENT
of Social Security,                  )
                                     )
            Defendant.               )
                                     )

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 14, 19.)  Attorney Maureen J. Rosette represents Scott Smith (Plaintiff); Special Assistant United States Attorney Willy M. Le represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on September 16, 2006. (Tr. 104.)  He alleged disability due to hepatitis C, cirrhosis, chronic low back pain, blood clot in his left leg, chronic fatigue, back pain, and knee pain with an onset date of March 1, 2005. (Tr. 108.)  Benefits were denied initially and on reconsideration.

1  Plaintiff timely requested a hearing before an administrative law

2  judge (ALJ), which was held before ALJ R. S. Chester on September

3  18, 2008. (Tr. 27-56.)  Plaintiff, who was represented by counsel,

4  and vocational expert Deborah LaPoint (VE) testified.  The ALJ

5  denied benefits on October 15, 2008, and the Appeals Council denied

6  review.  (Tr. 1-3, 9-26.)  The instant matter is before this court

7  pursuant to 42 U.S.C. § 405(g).

8                              **STANDARD OF REVIEW**

9      In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

10 court set out the standard of review:

11         A district court's order upholding the Commissioner's
           denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
12         211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the
           Commissioner may be reversed only if it is not supported
13         by substantial evidence or if it is based on legal error.
           *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
14         Substantial evidence is defined as being more than a mere
           scintilla, but less than a preponderance.  *Id.* at 1098.
15         Put another way, substantial evidence is such relevant
           evidence as a reasonable mind might accept as adequate to
16         support a conclusion.  *Richardson v. Perales*, 402 U.S.
           389, 401 (1971).  If the evidence is susceptible to more
17         than one rational interpretation, the court may not
           substitute its judgment for that of the Commissioner.
18         *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
           Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
19
           The ALJ is responsible for determining credibility,
20         resolving conflicts in medical testimony, and resolving
           ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
21         Cir. 1995).  The ALJ's determinations of law are reviewed
           *de novo*, although deference is owed to a reasonable
22         construction of the applicable statutes.  *McNatt v. Apfel*,
           201 F.3d 1084, 1087 (9th Cir. 2000).
23

24     It is the role of the trier of fact, not this court, to resolve

25 conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence

26 supports more than one rational interpretation, the court may not

27 substitute its judgment for that of the Commissioner.  *Tackett*, 180

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).
Nevertheless, a decision supported by substantial evidence will
still be set aside if the proper legal standards were not applied in
weighing the evidence and making the decision. *Brawner v. Secretary
of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If
there is substantial evidence to support the administrative
findings, or if there is conflicting evidence that will support a
finding of either disability or non-disability, the finding of the
Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-
1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the
requirements necessary to establish disability:

> Under the Social Security Act, individuals who are
> "under a disability" are eligible to receive benefits. 42
> U.S.C. § 423(a)(1)(D). A "disability" is defined as "any
> medically determinable physical or mental impairment"
> which prevents one from engaging "in any substantial
> gainful activity" and is expected to result in death or
> last "for a continuous period of not less than 12 months."
> 42 U.S.C. § 423(d)(1)(A). Such an impairment must result
> from "anatomical, physiological, or psychological
> abnormalities which are demonstrable by medically
> acceptable clinical and laboratory diagnostic techniques."
> 42 U.S.C. § 423(d)(3). The Act also provides that a
> claimant will be eligible for benefits only if his
> impairments "are of such severity that he is not only
> unable to do his previous work but cannot, considering his
> age, education and work experience, engage in any other
> kind of substantial gainful work which exists in the
> national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus,
> the definition of disability consists of both medical and
> vocational components.
>
> In evaluating whether a claimant suffers from a
> disability, an ALJ must apply a five-step sequential
> inquiry addressing both components of the definition,
> until a question is answered affirmatively or negatively
> in such a way that an ultimate determination can be made.
> 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The
> claimant bears the burden of proving that [s]he is

disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a), 416.920(a).  At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.  At the time of the hearing, Plaintiff was 55 years old, divorced with two grown children, and living alone in a mobile home.  (Tr. 34.)  Plaintiff testified he had a driver's license and was able to drive but needed to stop and walk around due to back pain.  (Tr. 34-35.)  He had an 11th grade education and obtained his high school equivalency degree. (Tr. 35.)  Plaintiff had a long work history as an asphalt truck

driver.  (Tr. 38-39, 109.)  Over the years, Plaintiff has been treated for a broken leg, a blood clot in his leg, chronic obstructive pulmonary dysfunction, depression, cirrhosis and liver failure due to alcohol abuse, deep vein thrombosis (DVT) and cellulitis. (Tr. 17-18.)  He testified he could no longer work due to chronic low back pain and hepatitis C treatment, which started in November or December of 2006.  (Tr. 36-37.)

**ADMINISTRATIVE DECISION**

ALJ Chester found Plaintiff's date of last insured for DIB purposes was March 31, 2005.  (Tr. 17.)  At step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (Tr. 18.)  At step two, he found Plaintiff had severe impairments of "degenerative disk disease, hepatitis C, cirrhosis, and chronic obstructive pulmonary dysfunction."  (*Id.*)  He found non-severe impairments of depression, blood clot, DVT, broken leg, diabetes mellitus, and arthritis.  (Tr. 17-18.)  At step three, he found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings).  (Tr. 18.)  At step four, the ALJ found prior to August 1, 2006, Plaintiff could perform light work with several non-exertional physical limitations, but could not perform his past work as a tractor trailer truck driver. (Tr. 19.)  He then found that after August 1, 2006, Plaintiff had the residual functional capacity (RFC) to perform less than the full range of sedentary work, and could no longer perform his past work as a tractor trailer truck driver. (Tr. 23, 24.)  At step five,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

based on the RFC determinations and VE testimony, the ALJ concluded that, between the alleged onset date, March 1, 2005, and August 1, 2006, Plaintiff could perform other light level work in the national economy such as deliverer of car rentals and a chauffeur. (Tr. 25.) However, after August 1, 2006, there was not a significant number of jobs Plaintiff could perform. Therefore, Plaintiff was disabled as defined by the Social Security Act from August 1, 2006, through the date of the ALJ's decision. (Tr. 25-26.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff contends the ALJ erred in finding he could perform light work between March 1, 2005, through August 1, 2006. Specifically, he argues the ALJ improperly rejected his treating physician's opinions that he was unable to work in March 2005 and limited to sedentary activities after September 2005. (Ct. Rec. 15 at 10.) He further argues his treating physician's opinions should be credited, therefore entitling him to DIB benefits from his alleged onset date. (Ct. Rec. 15 at 12.)

**DISCUSSION**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining reviewing or consulting physician's opinion. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The Commissioner must provide "clear and

convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician. *Lester*, 81 F.3d at 830.  If the medical opinion is contradicted, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews,* 53 F.3d at 1043.  "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)(*quoting Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

State agency physicians who review medical records and opine regarding a claimant's functional capacity are treated as expert non-examining sources in disability proceedings.  The ALJ may not ignore these opinions and must explain the weight given. *SSR* 96-6p. The opinion of a non-examining medical expert or state agency consultant by itself cannot be considered substantial evidence that supports the rejection of a treating or examining physician. *Lester*, 81 F.3d at 831. However, the opinions of non-examining reviewing doctors may serve as substantial evidence when supported by and consistent with other evidence in the record.  *Andrews,* 53 F.3d at 1041.

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as "specific," "legitimate" reasons for disregarding a treating or examining physician's opinion. *Flaten v.*

*Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).  Rejection of an examining medical source opinion is specific and legitimate where the ALJ finds a medical opinion is not supported by the medical source's own records and/or objective data. *Tommasetti v. Astrue*, 533 F.3d 1035 (9th Cir. 2008).

To warrant controlling weight, a treating medical source opinion must be well-supported and consistent with other medical evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Although a treating source opinion must always be considered by the ALJ, and his reasoning must meet legal standards and be supported by substantial evidence, in disability proceedings the final determination of a claimant's ability to perform work is the province of the ALJ. *Richardson,* 402 U.S. at 400.  An ALJ is not bound by a treating source opinion on the ultimate question of a claimant's ability to perform work-related tasks. 20 C.F.R. §§ 404.1527(e)(2) and (3), 416.927(e)(2) and (3).

Here, Plaintiff argues the ALJ did not give legally sufficient reasons for rejecting findings in the three physical evaluation forms completed by his treating physician, Maja Zugec, M.D., of the Chewelah Community Health Center.  He appears to argue Dr. Zugec's opinions should have been given controlling weight in the final RFC determination for the period between March 2005 and August 1, 2006.

The record shows that on March 9, 2005, upon referral from Dr. Zugec, Plaintiff was hospitalized after presenting with swelling in his legs and abdomen.  (Tr. 164.) He was diagnosed with chronic liver disease, cellulitis, and aggravation of his cirrhosis by

resumed alcohol consumption against medical advice. (Tr. 162-63, 166, 303.) Plaintiff's treating gastroenterologist, Dr. Michael Dixson, opined hepatitis C treatment was not urgent and "should not be considered until his cellulitis is cleared up." (Tr. 163.)

On March 9, 2005, treating physician Dr. Zugec concluded Plaintiff was severely limited in his ability to work, and would be this limited for six months. (Tr. 287-88.) By September 2, 2005, however, Plaintiff had improved with medication, diet and exercise. In September 2005, Dr. Zugec concluded Plaintiff was restricted to sedentary work due to liver cirrhosis, DVT and chronic low back pain. (Tr. 302.)

In his assessment of these medical opinions, ALJ Chester gave little weight to Dr. Zugec's opinions regarding Plaintiff's ability to work. He reasoned that although the record supports Dr. Zugec's finding that Plaintiff was severely limited in March 2005, it was because Plaintiff was hospitalized at the time for liver failure, DVT and cellulitis. However, he found Plaintiff had recovered significantly during the six days he was hospitalized and the severely limiting symptoms identified by Dr. Zugec in March 2005 did not persist 12 months. (Tr. 17, 23.) Therefore, Plaintiff's severely limited condition did not meet the durational requirement to establish disability.[1] (Tr. 19, 23.) The ALJ's reason for

---

[1] For a severe impairment to be disabling, the impairment must render a claimant unable to perform work for a continuous period of not less than 12 months. 20 C.F.R. §§ 404.1505, 416.905. Duration is evidenced by medical records that document all pertinent

rejecting the March 2005 opinion as a basis for a finding of disability is specific and legitimate, and supported by Dr. Zugec's clinic notes and other evidence in the record. *SSR* 82-52.

Although the Commissioner is required to give specific, legally sufficient reasons for rejecting a treating physician's opinions, case law does not require a specific recitation in the administrative findings. The court may draw specific and legitimate inferences from the ALJ's summary of the evidence, his interpretation and findings, if reasonable inferences are there to be drawn. *Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). In ALJ Chester's summary of the medical evidence (Tr. 17-18, 21), he specifically noted that evidence prior to August 2006, included an "unremarkable" MRI of Plaintiff's back, beneficial physical therapy for his back in August 2005, and Plaintiff's self reports of little to no pain in his back after resuming his exercise regime. (Tr. 21.) The court can reasonably infer that this objective medical evidence does not support the severity opined in Dr. Zugec's September 2005 physical evaluation form.

The ALJ also noted physician reports of asymptomatic hepatitis C prior to interferon treatment, which began in August 2006. (Tr. 21, 162-63, 166, 200.) He summarized information in the clinic notes accompanying Dr. Zugec's rejected opinions and other medical records that are not consistent with Dr. Zugec's severity ratings.

---

symptoms, signs and laboratory findings as well as prescribed treatment, and the response to treatment in terms of changes in symptoms. *SSR* 82-52 (*Documentation*).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

(Tr. 18, 21-22, 289-310.)   His specific findings create reasonable inferences that establish specific and legitimate reasons for discounting Dr. Zugec's conclusion that Plaintiff was limited to sedentary work.

For example, in her August 2005 clinic notes, Dr. Zugec reported Plaintiff was seen for low back pain, but he was not taking anything for the pain.  At that time, Dr. Zugec referred Plaintiff to physical therapy for his back and advised him to cut down on his fluid intake due to his liver cirrhosis history.  (Tr. 294.)  As summarized by the ALJ, physical therapy notes indicated improved lumbar strength and mobility, with a strength rating of 5/5 by September 22, 2005.  (Tr. 21, 277-79.)  By September 26, 2005, according to physical therapy notes, Plaintiff was reporting no lower back pain.  (Tr. 21, 277.)  The ALJ also referenced clinic notes from October 2005 (seven months after his alleged onset date), in which Dr. Zugec reported Plaintiff's DVT seemed to be resolved, and she was discontinuing medication.  (Tr. 305-06.)  On November 28, 2005, she noted that Plaintiff reported no back pain, no chest pain, and no leg pain.  (Tr. 306.)  Nonetheless, she rated these conditions as "marked" and low back pain as "moderate" in her September and August evaluation forms.  Without further explanation, she opined Plaintiff was restricted to sedentary level work.[2]  (Tr. 302.)

_____

[2]   In the evaluation form, sedentary level is defined as the "ability to lift 10 pounds maximum and frequently lift and/or carry such articles as files and small tools.  A sedentary job may require sitting, walking and standing for brief periods." (Tr. 302.)

Clinic notes also indicate that although Plaintiff reported no symptoms of hepatitis or cirrhosis to Dr. Zugec in September 2005, Dr. Zugec stated Plaintiff was unable to work because of chronic liver cirrhosis.  (Tr. 303.)  An ALJ is not obliged to credit opinions that are unsupported by the record as a whole.  Further a finding that a physician's opinion is inconsistent with her own treatment notes is a "clear and convincing" reason to discount a medical opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  The ALJ did not err in discounting Dr. Zugec's conclusory, unexplained opinion that Plaintiff was limited to sedentary work after September 2005.  *Batson*, 359 F.3d at 1195.  The ALJ's discussion of the evidence supports his finding that Plaintiff's inability to perform light work between March 2005 and August 1, 2006, did not meet the durational requirement.  Therefore, Plaintiff was not disabled during this time and was not eligible for DIB.

While the record may contain evidence to support Plaintiff's interpretation and assertions, the ALJ's explanation for rejecting Dr. Zugec's conclusory opinion that Plaintiff was limited to sedentary work from September 9, 2005, through August 2006, is a reasonable interpretation of the evidence in its entirety. *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999). Where substantial evidence supports the Commissioner's decision, the court may not substitute its judgment for that of the Commissioner. *Id*. Further, the final determination of regarding Plaintiff's ability to perform work is the sole responsibility of the Commissioner, 20 C.F.R. §§ 404.1516, 416.946, and no special significance may be given to a medical source opinion on this issue reserved to the Commissioner.

1   20 C.F.R. §§ 404.1527, 416.927(e). Where, as here, substantial

2   relevant evidence supports the ALJ's final RFC determination, it may

3   not be disturbed.  Accordingly,

4       **IT IS ORDERED:**

5       1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is

6   **DENIED**;

7       2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 19)** is

8   **GRANTED.**

9       The District Court Executive is directed to file this Order and

10  provide a copy to counsel for Plaintiff and Defendant. Judgment

11  shall be entered for Defendant, and the file shall be **CLOSED.**

12      DATED February 3, 2011.

13

14              _____S/ CYNTHIA IMBROGNO_____
                UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13